May it please the court, Walter K. Pyle for Mr. Wagan. The overarching policy of the Supreme Court and the circuit courts throughout the nation is to allow an appellant to have his day in the appellate court. To forward that policy, the courts have adopted a number of devices for construing documents which are not technically labeled notices of appeal or a motion to reopen the time for appeal, but to give them the effect that should justly be given to those documents under the particular circumstances. In Fulman v. Davis, for example, the U.S. Supreme Court said, taking all the papers together that were filed by the appellant, the intention to seek review was manifest. The court also said that avoiding decisions on the merits was contrary to the spirit of the rules of civil procedure. In Laval v. City of Palm Desert, the court said the appellant could appeal if the intent to appeal the correct judgment could be inferred from the papers. Counselor, may I ask you one question to start? If the notice to an attorney is notice to the party, and you have 30 days to appeal, and you can move within the 30 days for a 30-day extension, do we ever reach the question of the letter? Well, I think we do. Mr. Bergeson says his recollection was, and I believe he says it, page 134 of the excerpts, to the best of his recollection, he was under the impression that Mr. Wiggin was in pro se in 2003. Did the district court make a finding that he was represented then? He appeared to be represented according to the docket. I don't recollect whether the court. I thought he made a finding that he was. He may have. I am not sure of that. He may have. And I don't think that finding is a question to an appeal. No, the record does reflect that he is, at least according to the official records of the court, the attorney, but he was operating under the assumption that Wiggin was acting pro se, at least according to his declaration. Well, I don't want to seem harsh, and I don't want to suggest this is a fair rule, but isn't the answer to that so what? If the lawyer was served, and that means that the client is served, and nobody does anything within the time, then what difference does it make? You know, in a criminal case, it would make a difference. You could file a petition for ineffective assistance of counsel. Correct. But in a habeas case, which we consider civil, and there is no ineffective assistance of counsel in a habeas case. Correct. I don't quite see what difference it makes whether the lawyer doesn't do anything because he's incompetent, and if there is a way, I'd really like to know, but I agree, it doesn't seem like a just or a fair rule, but frequently, we don't have the power to do anything about that. It does seem, though, that there was a de facto pro se representation, even though the client had been relieved, both … Would you argue that at the time that the notice of dismissal was given to Bergeson Lutter, is that the lawyer's name? Yes. And in fact, there was no lawyer-client relationship at that time? Well, I'm saying de facto there was not. I think that the docket reflected that there was a lawyer-client relationship. Because I know that the district court sort of passed and indicated a jurisdictional issue, but then granted a COLA on whether or not this was a proper, could be taken as a notice of appeal, and it didn't certify. There's no certification on jurisdiction, but jurisdiction is always in front of us. In this case, the relationship between an attorney and a client can be determined by the attorney and the client. It appears here that both the attorney and the client were treating the relationship as if Wagan was acting pro se. Wagan was certainly contacting the court on his own, rather than through his counsel, which would be the way normally someone, a client, would do it if he was actually represented by counsel. And Bergersen said he was under the impression that Wagan was acting pro se. He says he didn't even apply for any funds to be paid for this CJA case. So I'm suggesting that under the circumstances, that a de facto pro se status of the appellant, Mr. Wagan, can be inferred and is justified by the facts. It's a long jump to say a letter, and I don't know, it'd be kind of a strange precedent to say that a letter from a party saying, what is the status of my case, can amount to a notice of appeal. Well, it is, but. I've read the other case. This is a long step. It is different. But you have to give me something on which to write. Well, the cases all focus on intent. Can you discern an intent to appeal? In this case here, we have a prisoner writing from the prison saying, I've changed my address, send my papers to the new address, and also, can you tell me what is the, is there any new decision in my case? Now, at that point, I suggest that it would be obvious that one reading the letter would conclude that the prisoner was unaware that his case had been dismissed, and we also, that we could infer an intent to appeal for a number of reasons. First, he's asking, has there been any new decision in my case? Second, there were non-frivolous grounds for appeal, namely equitable tolling. And third, he had tenaciously pursued his case as it progressed through the court. All these things, I suggest, infer, point to an inference of an intent. Actually, the best you've got is a disputed fact issue where the lawyer said, to my recollection, I told him about his right to appeal, I told him about the dismissal, and the client saying, well, I didn't receive any notice. But the attorney never says when I told him. He filed a declaration in December of 2006 saying, at some unspecified time, I advised him the appeal had been dismissed. Wagan's letter was written two and a half years earlier in April of 2004. So I suggest that that statement by the attorney does not establish that Wagan was aware that the case had been dismissed at the time he wrote his letter in 2004. In addition, the information requested in the letter is completely inconsistent with having knowledge that the appeal had been dismissed. There was no equitable finding to stay or to extend the statute of limitations in any way either. No, and I think that it has to be the focus has to be on what intent can we infer from the letter that was written by Mr. Wagan in 2004. If there are no other questions. Thank you, counsel. May it please the Court, Arthur Beaver for appellee. The issue in this case is clear. Did the district court abuse its discretion in denying appellant's motion to reopen the time to appeal? The answer is that the court did not abuse its discretion. As it noted, appellant failed in two independently sufficient ways. The first is that he actually had notice of the dismissal. He had constructive notice because the court notified his attorney. And second, he never made the relevant motion to reopen the time to appeal. Appellant attempts to circumvent the plain requirements of Federal Rule of Appellate Procedure 4 by first engrafting an ineffective assistance of counsel analysis onto the notice requirement, but as he acknowledges, there is no Sixth Amendment right to counsel on collateral attack. Second, he argues that his change of address letter established or constituted a motion to reopen the time to appeal. However, that letter contains no mention of an appeal of any motion, much less of reopening the time to appeal. He also urges his court to look at the surrounding circumstances to fit that square peg into the round hole requirement, but nothing that he notes requires a different result. Accordingly, as he hasn't demonstrated an abuse of discretion, we respectfully urge this Court to affirm the dismissal of his petition. Kennedy. Counsel, do you think the facts demonstrate that counsel is still counsel at the time in the notice of the district court's judgment? I'm sorry, Your Honor. The question is whether he was ineffective? Whether he was actually counsel at that time? The district court did make a finding about his representation. That's at page 3 of the excerpts of record, and it found that he was representing appellant at the time. And I assume you believe that's a correct determination? Yes, I do, considering his subsequent declaration that he contacted a petitioner regarding the decision of the case. It certainly sounds as if he, by filing briefs and then notifying his client, prospective client of the result, that he was indeed representing him. He filed briefs after he received the notice? No, not after, but in the subsequent declaration in support of the instant appeal. He indicates that he did speak with appellant about the result. Well, that suggests one way or another with his attorney. I assume if he received the notice, he would have told his former client just as well as he would have his current client. He also represents that the failure to file a notice of appeal was his mistake, which also implies that he was representing appellant. Thank you. Thank you. Thank you. Just two points, Your Honor. Although Mr. Wagan's letter does not mention the word motions or appeal, one would not expect someone who did not know his appeal, his case had been dismissed, one would not expect that person to talk about motions to reopen. Does that argument favor you or hurt you, that he wasn't trying to appeal? Well – Because he didn't know that there had been a decision. I think that one can infer. Counsel mentioned the Flores-Ortega case where it was an IAC analysis. We did not use that analysis to establish ineffective assistance of counsel, but rather to establish that from the letter, one could conclude that the writer of the letter intended to appeal. Well, it's more likely to conclude that if he knew about the decision than if he didn't. I wanted to conclude that he intended to appeal without knowing that there was a decision. Well, in any case where someone is continually pursuing the case, and he pursued the case diligently over the years, tenaciously, I suggest that it can be inferred that he – Would have appealed. Would have appealed had he simply not known that the case had been dismissed and that his intent throughout the case was to appeal come high water or anything else. Hell or high water is the phrase. I'll let him say it. Okay. Thank you, counsel. Case just argued will be submitted.
judges: Reinhardt, Tashima, Bright